**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **QUINCY M. PRIM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:24-cv-256-TFM-MU** |
| | ) | |
| **NURSE WEBB, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER / FINAL JUDGMENT**

On September 14, 2026, the Court entered its Memorandum Opinion and Order along with a final judgment in the case. *See* Docs. 56, 57. On September 28, 2026, the Court received a letter from the Plaintiff requesting the Court reopen the case. Though not styled that way, the Court construes the letter as a motion for reconsideration.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). Further, a motion under Rule 59 must be filed no later than 28 days after the entry of judgment. FED. R. CIV. P. 59(b).

The Court finds nothing in the request that causes it to question its determinations in the prior opinion. Further, the Court finds no manifest errors of law or fact. Accordingly, Plaintiff's motion for reconsideration is **DENIED** under Rule 59.

Because Prim is *pro se*, the Court also considered the Plaintiff's motion as one brought under Fed. R. Civ. P. 60(b). Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment. FED. R. CIV. P. 60(c)(1).

Even reviewing under Rule 60(b), the Court finds no basis to grant Plaintiff relief. As such, the motion for reconsideration is **DENIED** under Rule 60.

The Clerk of Court is **DIRECTED** to enter this document on the civil docket sheet as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. This case remains closed.

**DONE** and **ORDERED** this 17th day of November, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE